## ABIEL GOVE & others *vs.* JAMES H. PRINCE.

A petitioner to enforce a lien upon a ship cannot be allowed to prove that the prices charged by him in his account for labor and materials were the usual cash prices, in reply to evidence tending to show that he had agreed to give an extended credit therefor.

DEWEY, J.   In the answer of the respondent to this petition for the enforcement of an alleged lien upon his vessel, it was made a substantial ground of defence that his indebtedness had wholly accrued under a special contract, by the terms of which he was to have a credit of six months on the amount of the petitioners' bill, from the time when the entire work was completed, and that nothing was due at the time of filing this petition. The case was referred to an auditor, who reported the amount of the indebtedness, and also found that the respondent was to have a credit of six months on the account presented by the petitioners.   As the auditor's report was only *prima facie* evidence, the petitioners were properly allowed by any competent evidence to control it upon that point.   As evidence to sustain the allegation that the work was done for cash, and not on a credit of six months, they offered evidence to show that the prices charged by them in the several items for materials, and in the several items for labor, were the usual cash prices. This evidence was admitted by the court, under objection to it taken by the respondent.   In the opinion of this court, this evidence was incompetent.   It was not for the petitioners to make their own charges for materials and labor available to control evidence tending to show an express contract for a term of credit thereon.   If it were otherwise, any creditor might by his own acts, designed for the very purpose of avoiding a long credit which he had stipulated for, but which by an unforeseen change of circumstances would jeopard his whole claim, set aside his express agreement for a credit upon his account.   It is nothing more than the declarations of the petitioners as to prices.   These

they might readily be disposed to make, to secure the benefits of a cash liability on the part of his debtor.

*Exceptions sustained.*

*A. A. Ranney,* for the respondent.

*J. C. Dodge,* for the petitioners.